IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   3:23-MJ-20 (TWD) |
| | ) | |
| v. | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **BRANDON WHITFORD,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Brandon Whitford, by and through counsel, William Sullivan, Esq., hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of the order to and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

    a) Date of complaint:  January 10, 2023

    b) Date of initial appearance:  January 10, 2023

    c) Defendant custody status: Detained

    d) Date United States moved for detention:  January 10, 2023

    e) Date of detention hearing:  N/A

    f) Date detention decision issued:  January 10, 2023

  g)  Earlier enlargements of time and exclusions under the Speedy Trial Act:

    i)  Order dated January 21, 2023 excluding the period between January 21, 2023 and April 25, 2023.

    ii)  Order dated April 25, 2023 excluding the period between April 25, 2023 and July 24, 2023.

    iii)  Order dated July 20, 2023 excluding the period between July 20, 2023 and October 18, 2023.

    iv)  Order dated October 12, 2023, excluding the period between October 12, 2023 and December 11, 2023.

    v)  Order dated November 30, 2023, excluding the period between November 30, 2023 and January 29, 2024.

2)  The United States and the defendant request this exclusion based on the following facts and circumstances: The parties' pre-indictment negotiations have progress to the point where the parties reasonably expect that the excluded time will be used to draft plea agreement paperwork and schedule a change of plea hearing.

3)  The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the defense provided the government a written request for a disposition, the government has reviewed that request and provided a preliminary response to defense counsel, and the parties' discussions have progressed to the point where there is a reasonable expectation that, during the excluded time, the parties will draft and finalize plea paperwork and schedule a change of plea hearing.

4) The parties stipulate and agree that the period of 30 days from the date of the Court's order on this stipulation shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: January 19, 2024

CARLA B. FREEDMAN
United States Attorney

By: _____
Michael D. Gadarian
Assistant United States Attorney
Bar Roll No. 517198

Digitally signed by MICHAEL GADARIAN
Date: 2024.01.19 15:11:55 -05'00'

_____
William Sullivan, Esq., Esq.
Attorney for Brandon Whitford
Bar Roll No. 502175

3

# ORDER

A.     The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.     The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial for the reasons reflected in the parties' stipulated facts. Thus, the delay is warranted taking into account the exercise of due diligence. Although a plea agreement has not yet been signed, the parties have indicated that their negotiations have progressed to the point where they reasonably expect to use the excluded the time to prepare and execute a written plea agreement and schedule a change of plea hearing. Denying the requested extension would nullify an important aspect of an anticipated change of plea, as the government in such agreements agrees not to indict the defendant in exchange for the waiver of indictment and plea to the agreed-upon information.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 30 days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice

served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this \_\_\_22\_\_\_ day of January, 2024.

_____
Thérèse Wiley Dancks
United States Magistrate Judge