IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    3:24-CR-72 (DNH) |
| | ) | |
| v. | ) | **Rule 11(c)(1)(C) Plea Agreement** |
| | ) | |
| **BRANDON WHITFORD,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and defendant **BRANDON WHITFORD** (hereinafter "the defendant"), by and through the defendant's counsel of record, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1)     **The Defendant's Obligations:**

    a)  **Guilty Plea:** The defendant will waive indictment and plead guilty to Counts 1-4 of the information in Case No. 3:24-CR-72 (DNH) charging conspiracy to sexually exploit a child, sexual exploitation of a child, distribution of child pornography, and receipt of child pornography.

    b)  **Special Assessment:**   The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013.  The defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $400, payable to the U.S. District Court, at the time of sentencing.

c) **Restitution:**

As to Counts 1 and 2, the defendant consents to an order pursuant to 18 U.S.C. § 2259(a) and (b)(1) directing him to pay restitution to the victim, through the appropriate court mechanism, the full amount of the victim's losses.

As to Counts 3 and 4, the minors depicted in the images and/or videos involved in the defendant's trafficking of child pornography, along with any and all relevant conduct, are victims of his offenses, whether or not those minors are named in the information or identified in the factual basis of the defendant's guilty plea. The defendant therefore consents to an order pursuant to 18 U.S.C. §§ 2259(a) and (b)(2) and 3663(a)(1)(A) and (a)(3) directing him to pay restitution to those victims. The Court shall determine the full amount of the victims' losses that were incurred or are reasonably projected to be incurred by the victims as a result of the trafficking in child pornography depicting the victims, and order restitution in an amount as agreed to by the parties or determined by the Court that reflects the defendant's relative role in the causal process that underlies the victims losses, but which is no less than $3,000 per victim. 18 U.S.C. § 2259 (b)(2)(A) and (B).

The "full amount of the victims' losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victims, as a proximate result of the offenses involving the victims, including: medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; reasonable attorneys' fees, as well as other costs incurred; and any other relevant losses incurred by the victims. 18 U.S.C. § 2259(c)(2)(A)-(F).

2

The defendant agrees that the judgment shall order restitution to be due and payable immediately subject to any payment terms set forth by the Court at sentencing and that the Clerk of the Court may release funds to victim(s) without undue delay upon receipt of restitution payments from the defendant.

d) **Child Pornography Assessment.** Pursuant to 18 U.S.C. § 2259A(a), in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess –

- not more than $50,000 on Counts 1-2 for the defendant's conviction of a child pornography production offense (as defined in 18 U.S.C § 2259(c)(1));
- not more than $35,000 on Counts 3-4 for the defendant's conviction for trafficking in child pornography (as defined in 18 U.S.C. § 2259(c)(3)).

In determining the amount of the assessment, the court shall consider the factors set forth in sections 3553(a) and 3572 of Title 18, and imposition of such assessment does not relieve a defendant of or entitle a defendant to reduce the amount of any other penalty by the amount of the assessment. 18 U.S.C. §§ 2259A(c) and (d).

e) **Additional Special Assessment:** In addition to the assessment imposed under § 3013, unless the court finds the defendant to be indigent, the defendant shall pay an additional assessment of $5,000, pursuant to 18 U.S.C. § 3014(a). This assessment is payable only after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which this assessment is based. 18 U.S.C. § 3014(b).

f) **Compliance with Other Terms of Agreement:** The defendant will comply in a timely manner with all of the terms of this plea agreement.

3

g) **Forfeiture:** Pursuant to 18 U.S.C. § 2253(a)(3), the defendant consents to entry of an order directing forfeiture to the United States of the property described in the Forfeiture Allegation in the information described above, as more fully set out below:

(1) a Samsung cellular telephone (IMEI: 351347073461889).

h) **Court Ordered Destruction of Seized Evidence:** The defendant agrees to enter a stipulation and proposed order consenting to the destruction of the following items which may contain contraband, and the defendant agrees that by such stipulation he waives (gives up) any claim to recover ownership or possession of these items. The defendant agrees to execute a separate stipulation, to be entered as an order the Court, to effectuate this provision.

(1) a Samsung Galaxy S4 model SGH-1537; and

(2) an HP Chromebook laptop.

2) <u>**The Government's Obligations:**</u>

a) **Non-prosecution for other offenses:** For so long as the defendant's guilty plea and the sentence remain in effect, the government will not seek other federal criminal charges against the defendant based on conduct described in the information in Case No 3:24-CR-72 (DNH) and/or in the paragraph of this agreement entitled "Factual Basis for Guilty Plea," occurring before the date on which the defendant signs this agreement. This agreement does not prevent the government from seeking charges based on other conduct.

b) **Compliance with Other Terms of Agreement:** The government will comply in a timely manner with all of the terms of this plea agreement.

3) <u>**Agreed-Upon Disposition:**</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant agree that an imprisonment term within the range 360 – 420 months, a term of

4

supervised release, a fine, restitution, and special assessments all consistent with applicable law and with the terms of this agreement is the appropriate disposition in this case (hereinafter referred to as "the agreed-upon disposition"). The United States Attorney's Office and the defendant agree that, to the extent the agreed-upon disposition departs from the applicable sentencing guidelines range, that departure would be made for justifiable reasons under U.S.S.G. § 6B1.2(c)(2). In particular, the specified sentence is reasonable and appropriate under the unique combination of facts and circumstances relating to the defendant, the offense of conviction, and related relevant conduct.

4)    **Potential Maximum Penalties:** The defendant understands that the Court can impose the following maximum penalties for the offense to which the defendant agrees to plead guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below, although if the Court accepts this plea agreement the defendant will be sentenced in accordance with the terms of the agreed-upon disposition:

a) **Counts 1 & 2**

   (1) **Maximum term of imprisonment:** 50 years per count, pursuant to 18 U.S.C. § 2251(e).

   (2) **Mandatory minimum term of imprisonment:** 25 years, pursuant to 18 U.S.C. § 2251(e).

b) **Counts 3 & 4**

   (1) **Maximum term of imprisonment:** 40 years per count, pursuant to 18 U.S.C. § 2252A(b)(1).

   (2) **Mandatory minimum term of imprisonment:** 15 years, pursuant to 18 U.S.C. § 2252A(b)(1).

c) **Each Count**

(1) **Maximum fine:** $250,000, pursuant to 18 U.S.C. § 3571.

d) **Supervised release term:** In addition to imposing any other penalty, the sentencing court may require the defendant to serve a term of supervised release of between 5 years and life, to begin after imprisonment. *See* 18 U.S.C. § 3583. A violation of the conditions of supervised release during that period may result in the defendant being sentenced to an additional term of imprisonment.

e) **Required Registration for Sex Offenders:** Under the Sex Offender Registration and Notification Act, the defendant, as a result of the conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student. For initial registration purposes, the defendant also must register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction. A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250, and face a penalty of up to ten years imprisonment.

f) **Other adverse consequences:** Other adverse consequences may result from the defendant's guilty plea as further described in paragraph F below.

5) **Elements of Offenses:** The defendant understands that the following are the elements of the offenses to which the defendant agrees to plead guilty. The defendant admits that the defendant's conduct satisfies each and every one of these elements.

a) **Count 1 – Conspiracy to Sexually Exploit a Child**

(1) Two or more people conspired to use a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct where the visual

depictions would be actually transported or transmitted in or affecting interstate commerce, or the defendant knew or had reason to know that the visual depictions would be transported or transmitted in or affecting interstate commerce, or the visual depictions would be produced using materials that had been mailed, shipped, or transported in or affecting interstate commerce; and

(2) The defendant joined the conspiracy, either at its inception or sometime during its existence, knowing the purpose of the conspiracy and intending to help it succeed.

b) **Count 2 – Sexual Exploitation of a Child**

(1) The victim was less than 18 years old;

(2) The defendant used the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct;

(3) The visual depiction was actually transported or transmitted in or affecting interstate or foreign commerce, or the defendant knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce, or the visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce;

(4) At the time the defendant committed the offense, he had a prior conviction under Chapter 110 of Title 18 of the United States Code.

c) **Counts 3 & 4 – Distribution of Child Pornography and Receipt of Child Pornography**

(1) The defendant knowingly distributed (Count 3) / received (Count 4) a visual depiction;

(2) The visual depiction was transported in interstate commerce using a means and facility of interstate commerce, or in or affecting such commerce by any means, including by computer;

7

(3) The visual depiction was child pornography;

(4) The defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of an actual minor engaged in sexually explicit conduct; and

(5) At the time the defendant committed the offenses, he had a prior conviction under Chapter 110 of Title 18 of the United States Code.

6)      **Factual Basis for Guilty Plea:** The defendant admits the following facts, that those facts demonstrate the defendant's guilt for the offenses to which the defendant is pleading guilty, and that there are no facts establishing a viable defense to those offenses:

a)   At all times relevant to the information and with respect to the conduct described below, the defendant was living in and acting from a location in Tompkins County in the Northern District of New York.

b)   On or about March 4, 2014, the United States District Court for the Eastern District of Michigan entered judgment against the defendant upon his conviction for receipt of child pornography, in violation Title 18, United States Code, Section 2252A(a)(2), a Chapter 110 offense. The defendant was sentenced principally to 120 months' imprisonment and five years of supervised release. As a result of that conviction, upon his release from prison the defendant was required to register as a sex offender in New York and was being supervised by the Probation Office for the United States District Court Northern District of New York when he committed the acts described below.

c)   From in or about October 15, 2022, through on or about January 9, 2023, the defendant used two social media messaging applications accessed by way of the internet and/or cellular network to distribute and receive child pornography image and video files with other people, including co-conspirator A, and to discuss the sexual abuse of children.

Among other files that the defendant distributed and received using these social media messaging applications were the following:

(1) On or about November 23, 2022, the defendant distributed a video file entitled "1_4922673669638980201" that depicted an approximately 8-year-old boy being anally penetrated by an adult male's penis.

(2) On or about October 16, 2022, the defendant received an approximately 3 second video file depicting an approximately 8-year-old female being subjected to oral sexual conduct by an adult male who ejaculates on the child's face, to which the defendant commented: "Please more of her[.]"

(3) On or about January 8, 2023, the defendant received an image file depicting an approximately 6-year-old female wearing a red shirt, nude from the waist down with her legs spread displaying her vagina to the camera in a lewd and lascivious fashion.

d) In or about November 2022, the defendant agreed with co-conspirator A that co-conspirator A would travel from co-conspirator A's home in Pennsylvania to Tompkins County New York for the purpose of jointly sexually abusing an approximately 4-year-old female child ("V-1") and creating visual depictions of that sexual abuse.

e) In accordance with the agreement, on or about November 6, 2022, co-conspirator A traveled from Pennsylvania to Tompkins County New York and met the defendant in person in the fall of 2022. The defendant was babysitting V-1 when co-conspirator A arrived. While the defendant and co-conspirator A were with V-1, co-conspirator A video recorded V-1 walking naked around the house and in a bathtub. The defendant can be seen and heard talking with V-1 and touching V-1's body, and co-conspirator A also can be heard speaking off camera.

f)  The defendant then told co-conspirator A to leave the residence, which co-conspirator A did. After co-conspirator A left the residence, and while V-1 was sleeping, the defendant rubbed his erect penis on V-1's buttocks and feet and video recorded that conduct. The defendant distributed those video recordings to other people over the internet using one of the social media messaging applications described above.

g)  The property described in the Forfeiture Allegation was used to commit the offenses in that the defendant used it to communicate with co-conspirator A, to create sexually explicit visual depictions of V-1, and to distribute and receive child pornography on social media messaging applications.

7)  **Waiver of Rights to Appeal and Collateral Attack:** The defendant waives (gives up) any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. §§ 2241 and 2255, to appeal and/or to collaterally attack the following (except that the defendant does not waive the right to raise a claim based on alleged ineffective assistance of counsel):

a)  The convictions resulting from the defendant's guilty plea;

b)  Any claim that the statutes to which the defendant is pleading guilty is unconstitutional;

c)  Any claim that the admitted conduct does not fall within the scope of the statute;

d)  Any sentence consistent with the agreed-upon disposition described above or any less severe sentence.

The defendant also waives his right to make a motion under 18 U.S.C. § 3582(c)(2) for a modification or reduction in his sentence as a result of a later amendment to one or more federal sentencing guidelines provisions that have the effect of lowering a sentencing guidelines range unless (a) any such amendment is made retroactive by the Sentencing Commission; and (b) this agreement *expressly* provides that the agreed-upon sentence is based on the sentencing range that is subsequently lowered.

A. **Right to Counsel:** The defendant has the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding. Defense counsel has advised the defendant of nature of the charges to which the defendant is agreeing to plead guilty and the range of possible sentences.

B. **Waiver of Trial-Related Rights:** The defendant has the following additional constitutional rights in connection with the charges in this case: (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present defense evidence; and (vi) to remain silent and be protected against compelled self-incrimination. The defendant understands that by pleading guilty, the defendant waives (gives up) these rights.

C. **Court Not Bound by Plea Agreement:** This plea agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Court is neither a party to, nor bound by this Plea Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the United States Probation Office. If the Court rejects the provisions of this agreement agreeing to a specific sentence, the Court will inform the parties that the court rejects the plea agreement; advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

D. **Sentencing:**

11

a. **Maximum terms of imprisonment:** The defendant understands that if the Court rejects the Plea Agreement and the defendant does not withdraw the guilty plea, then the Court has discretion to impose a sentence within the statutory maximum sentence(s) set out in this agreement. If the defendant is pleading guilty to multiple charges, the Court may be required by law to have the sentences of imprisonment on the convictions resulting from those charges run consecutively to each other. Otherwise, the Court has discretion to have sentences of imprisonment run concurrently or consecutively. See 18 U.S.C. § 3584.

b. **Mandatory minimum terms of imprisonment:** If specified in this agreement, the conviction on one or more charges to which the defendant has agreed to plead guilty may require imposition of a mandatory minimum term of imprisonment. In such cases if the Court rejects the Plea Agreement and the defendant does not withdraw the guilty plea, the court must impose a term of imprisonment no less than the required mandatory minimum term unless an exception to that requirement applies. Such exception may be dependent on a motion by the government.

c. **Section 851 Enhancements:** The defendant understands that if the government has filed an information against the defendant as provided 21 U.S.C. § 851, alleging that the defendant has one or more final convictions for a felony drug offense, and, as part of this agreement, the defendant has admitted and/or affirmed that the defendant was so convicted, then, by pleading guilty, the defendant will lose the right to attack any sentence the court imposes by challenging any such prior conviction.

d. **Sentencing guidelines:**

   i. In the event that the Court rejects the Plea Agreement and the defendant does not withdraw the guilty plea, the defendant understands that actual sentence to be imposed

12

upon the defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties, as described above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder. While the Court is not bound to impose a sentence within the applicable sentencing guidelines range, it must take into account the sentencing guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

e. **Factual findings:** The defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay. The Defendant understands that the sentence imposed may be determined based upon such judicial fact-finding.

f. **Use of the Defendant's Statements:** The defendant understands that the sentencing court may consider any statement that the defendant has made or makes in this Plea Agreement, during the guilty plea, to the Probation Office, and at sentencing when imposing sentence. In addition the government may be able to use the defendant's statements in this agreement and at the guilty plea and at sentencing in any criminal, civil, or administrative proceeding. For example, if the defendant fails to enter a guilty plea (as required by this agreement) or the defendant's guilty plea is later withdrawn or vacated for any reason other than the Court's rejection of this Plea Agreement under Fed. R. Crim. P. 11(c)(5), the government may introduce the defendant's statements into evidence in any prosecution. If, however, the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5), and the defendant

withdraws the guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(A), the government will not be permitted to use any of the defendant's statements in this Plea Agreement. To the extent that Rule 11(f) of the Federal Rules of Criminal Procedure and/or Rule 410 of the Federal Rules of Evidence are inconsistent with this paragraph, the defendant waives (gives up) any protections under those rules.

g. **Sentencing-Related Information:** The government has the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within the count(s) to which the defendant has agreed to plead guilty, subject only to the limitation described in U.S.S.G. §1B1.8. No stipulation in this plea agreement limits the obligations of both parties to ensure that the sentencing Court has all information pertinent to its determination of an appropriate sentence. The parties may provide any factual information relevant to sentencing to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report. The parties agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this plea agreement.

h. **Supervised Release Term and Conditions:** If the defendant is placed on supervised release, under some circumstances, including the defendant's violation of one or more supervised release conditions, the Court may extend the term of supervised release, and may modify, reduce, or enlarge the conditions of such release.

E. **<u>Government's Obligations Contingent on Imposition of Agreed-Upon Sentence:</u>** If the Court imposes a sentence less severe than the agreed-upon disposition, the government has no obligation to dismiss existing charges or refrain from seeking additional charges. The

defendant waives (gives up) any defense or objection to the commencement of any prosecution for new charges that is not time-barred by the applicable statute of limitations as of the date on which the defendant signed this plea agreement, notwithstanding the expiration of the statute of limitations between the signing of the agreement and the commencement of any such prosecution.

F. **Other Adverse Consequences:** The following are some examples of the adverse consequences of pleading guilty other than the sentence imposed by the Court, along with any judicial order of forfeiture and/or restitution:

a. Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

b. If the defendant is not a United States citizen, such conviction may result in deportation or removal from the United States, may bar readmission to the United States if the defendant leaves the country, and may result in a denial of a pending or future application for citizenship. If the defendant is a naturalized United States citizen, such conviction may result in denaturalization, followed by deportation or removal from the United States. Under federal law, removal or deportation may be an almost certain consequence of a conviction for a broad range of federal offenses, including, but not limited to, aggravated felonies, as defined in 8 U.S.C. § 1101(a)(43), and crimes of moral turpitude, which includes crimes involving fraud. Removal and other immigration consequences are the subject of a separate proceeding. No one, including the defendant's attorney and the Court, can predict with certainty the effect of the conviction resulting from this agreement on the defendant's immigration status. The defendant understands this uncertainty and nonetheless wishes to plead guilty regardless of any immigration consequences that the

guilty plea may entail, even if the consequence is the defendant's automatic removal from the United States.

c. A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

There may be other adverse consequences as well, some of them unforeseeable. It may be difficult or impossible to predict all of the adverse consequences of the defendant's guilty plea. The defendant agrees that any resulting adverse consequences, whether or not foreseen or foreseeable, will not provide a basis for withdrawing from the guilty plea described in this agreement or otherwise challenging the resulting conviction and sentence.

G. **Restitution:** Independent of any agreement to pay restitution, and whether there is any such agreement, the sentencing Court may be required to order that the defendant pay restitution to any victim of the offense(s) of conviction under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. In addition, the sentencing Court may have the authority to order that the defendant pay restitution to any victim of the offense(s) of conviction pursuant to 18 U.S.C. §§ 3663 & 3664. In any case involving a conviction for a sexual exploitation offense in chapter 110 of title 18 of the United States Code, the Court must order restitution for the full amount of the victim's losses as determined by the court. The victim's losses include, but are not limited to medical services related to physical, psychiatric, or psychological care; physical or occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; attorney's fees and other costs; and any other losses suffered by

the victim as a proximate result of the offense. The restitution payment will be in addition to any other civil or criminal penalty authorized by law.

H. **Forfeiture:** If the defendant has agreed to forfeiture of assets, the defendant agrees to the following terms and conditions:

a.  The defendant hereby forfeits, to the United States, all right, title, and interest of any nature in any and all assets that are subject to forfeiture, including substitute assets, as set forth above, whether those assets are in the possession or control of the defendant, a nominee, or some other third party.

b.  The defendant consents to the entry of an order of forfeiture of the assets described above.

c.  The defendant is aware that pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, a preliminary order of forfeiture becomes final as to a given defendant at sentencing or at any time before sentencing if the defendant consents. The defendant consents that the preliminary order of forfeiture in this case shall become final as to the defendant before sentencing, as of the date the preliminary order of forfeiture is entered by the Court. The defendant understands that the government, upon entry of the preliminary order of forfeiture, will address any potential third party claims pursuant to Rule 32.2(c), and seek to finalize forfeiture.

d.  Forfeiture of the defendant's assets will not satisfy all, or any portion of, a fine, restitution, or other monetary penalty that the Court may impose upon the defendant in addition to forfeiture. Satisfaction of all, or any portion of, any restitution, fine, or other penalty that the Court may impose upon the defendant in addition to forfeiture will not satisfy all, or any portion of, any forfeiture judgment ordered by the Court.

e.  In the event that any successful claim is made, by any third party, to the assets described above, the defendant agrees to forfeit substitute assets equal in value to the assets transferred to any such third party. The defendant agrees that forfeiture of substitute assets shall not be deemed an alteration of the Defendant's sentence.

f.  The defendant agrees to cooperate with the United States by taking whatever steps are necessary to pass clear title to the United States of any forfeitable assets, including but not limited to, surrendering title; completing any documents or legal proceedings required to transfer assets to the United States; and taking necessary steps to ensure that assets subject to forfeiture are not sold, disbursed, expended, destroyed, damaged, hidden or otherwise made unavailable for forfeiture or removed beyond the jurisdiction of the Court.

g.  The defendant waives the right to a jury trial on the forfeiture of assets. The defendant waives all constitutional, legal, and equitable defenses to the forfeiture of assets, as provided by this agreement, in any proceeding, including but not limited to any jeopardy defense or claim of double jeopardy or any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of an excessive fine.

h.  The defendant acknowledges that the government may institute civil or administrative proceedings against any or all of the defendant's forfeitable assets, including, but not limited to substitute assets and any forfeitable assets not identified by the defendant, and agrees not to contest any such forfeiture proceedings.

i.  The defendant represents and warrants that the defendant has no direct or indirect interest in any property, real or personal, or other asset subject to forfeiture by virtue of this plea agreement, other than those listed above.

18

j. In the event the government determines that the defendant has breached any condition of this plea agreement, none of the forfeited property shall be returned to the defendant, nor shall the defendant assert any claim to the forfeited property. The defendant shall not reacquire any forfeited property, directly or indirectly, through family members, nominees, friends, or associates.

I. **Determination of Financial Condition and Payment of Interest and Penalties:**

a. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.

b. The defendant will promptly submit a complete, accurate, and truthful financial statement to the United States Attorney's Office, in a form it provides and as it directs.

c. The defendant authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

d. Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the defendant's sentence, from as early as the date of sentencing.

J. **Remedies for Breach:**

a. Should the government determine that the defendant, after the date the defendant has signed this plea agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); (ii) has given false, incomplete, or misleading testimony or information; or (iii) has moved to withdraw the defendant's guilty plea for reasons other than those described in this agreement or

19

otherwise has breached any term or condition of this plea agreement or supplemental agreements with the government, the government will have the right, in its sole discretion, to void this agreement, in whole or in part. In the event of such breach, the defendant will remain obligated to plead guilty and otherwise comply with the terms of this agreement and will not be permitted to withdraw the defendant's guilty plea under this agreement. The defendant will be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to charges that this Office has agreed to dismiss or not to prosecute under this agreement.

b. If the defendant breaches this agreement, the government will have the following remedies, among others, available to it:

  i. To bring prosecution for any federal criminal offenses dismissed or not prosecuted under this agreement. The defendant waives (gives up) any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date on which the defendant signed this plea agreement, notwithstanding the expiration of the statute of limitations between the signing of the agreement and the commencement of any such prosecution.

  ii. In connection with any such prosecution, any information, statement, and testimony provided by the defendant, and all leads derived therefrom, may be used against the defendant, without limitation and without regard to any rights the defendant may have under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

  iii. To utilize any information, statement, or testimony provided by the defendant in any proceeding, including at sentencing, notwithstanding U.S.S.G. §1B1.8;

20

iv. To advocate if, and how, any particular adjustment or specific offense characteristic affects the applicable Sentencing Guidelines range without regard to any contrary stipulations contained in this agreement;

v. To refrain from making any sentencing-related motion favorable to the defendant without regard to any provision in this agreement obligating the government to consider making or make such motion upon fulfillment of certain conditions;

vi. To urge the sentencing Court to take the defendant's breach into account when imposing sentence;

vii. To recommend any sentence the government deems appropriate, even if such recommendation is at odds with any stipulation in this agreement.

K. **Limitations:** This agreement is between the United States Attorney's Office for the Northern District of New York and the defendant.  References to "the government" in this agreement refer only to that Office.  This agreement does not bind any other federal, state, or local prosecuting authorities.  Furthermore, this agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability, proceedings relating to the forfeiture of assets, and proceedings by the Department of Homeland Security, Bureau of Citizenship and Immigration Services relating to the immigration status of the defendant.

L. **Agreement Must be Signed; Modifications Must be Written or on the Record:** This agreement, to become effective, must be signed by all of the parties listed below.  No promises, agreements, terms, or conditions other than those set forth in this plea agreement will be

effective unless memorialized in writing and signed by all parties or confirmed on the record before the Court.

M. **Agreement to Plead Guilty Voluntary:** The defendant acknowledges reading each of the provisions of this plea agreement with the assistance of counsel and understands its provisions. The defendant further acknowledges that the defendant's agreement to plead guilty is voluntary and did not result from any force, threat, or promises (other than the promises in this plea agreement and any written supplemental agreements or amendments).

CARLA B. FREEDMAN
United States Attorney

Michael D. Gadarian                     Date 2/15/24
Assistant United States Attorney
Bar Roll No. 517198

BRANDON WHITFORD                        Date 2/13/24
Defendant

William Sullivan                        Date 2/13/24
Attorney for Defendant
Bar Roll No. 502175